PER CURIAM.
This suit for declaratory and injunctive relief arises out of the reapportionment of West Feliciana Parish into new Police Jury districts by its Police Jury. On June 18, 1971, the Police Jury adopted by resolution two alternative plans for redistricting the parish into five one-member Police Jury districts. On August 9, 1971, the Police Jury was advised by the Attorney General of the United States of the approval of Plan “A.”
On the same day the Democratic Executive Committee for West Feliciana Parish met and issued its call for the primary election for Police Jury based on the provisions of Plan “A.” On August 12, 1971, the Republican Executive Committee for West Feliciana Parish met and issued its call for the primary election for Police Jury based on the nine-ward system formerly in effect. Three persons qualified, in Wards 4, 8 and 9, respectively, as Republican candidates for the Police Jury.
On September 3, 1971, the Police Jury adopted Plan “A” by ordinance and submitted it to the Attorney General for approval, which was forthcoming on September 27, 1971. In the meanwhile, on September 7, the Democratic Executive Committee met and issued a second call for the election based on the newly adopted ordinance of September 3.
This suit was filed by the Democratic Executive Committee, asking that the Secretary of State and the State Custodian of Voting Machines be enjoined from placing the names of the Republican nominees on the ballot for the general election. It further prays for declaratory judgment, declaring the call of the primary election by the Democratic Executive Committee to be valid and legal; declaring the call by the Republican Executive Committee to be illegal and invalid; and declaring the offices of Police Juror from Wards 4, 8 and 9 to be defunct. Other alternative relief, not germane to this opinion, was also requested.
Made defendants in the suit were the Secretary of State, the State Custodian of Voting Machines, the Republican Executive Committee of West Feliciana Parish, and all candidates for the office of Police Juror in both parties.
After trial on the merits, the district judge rendered judgment as follows:
“IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, Democratic Executive Committee of West Feliciana Parish:
“(A) Declaring the action of the Democratic Executive Committee in issuing its call for a primary election based upon the Police Jury of West Feli-ciana Parish’s reapportionment plan adopted on September 3, 1971, and its subsequent certification to the Secretary *112 of State of Louisiana of candidates for the Democratic nomination for Police Jurors for West Feliciana Parish to be valid, legal and proper;
“(B) Declaring the action of the Republican Executive Committee of West Feliciana Parish in issuing its call for a primary election based upon the previously existing plan of election of Police Jurors for West Feliciana Parish by wards, and its subsequent certification to the Secretary of State of Louisiana of Republican nominees for the general election of West Feliciana Parish Police Jurors to be invalid, illegal and improper;
“(C) Declaring the appropriate remedy or remedies to be effected and the action or actions to be taken by the Republican Executive Committee in order to have any Republican nominees for Police Jury of West Feliciana Parish placed upon the general election ballots for the February 1, 1972 general election to be:
“(1) The calling of a special primary election for the selection of its nominees ; or
“(2) The certification of its nominees to the Secretary of State of Louisiana within the proper time so that the names of such nominees could be placed upon the general election ballot.
“(D) Declaring the offices of Police Jurors based upon their selection by Wards in West Feliciana Parish to be defunct.
“(E) Permanently enjoining Wade O. Martin, Jr., Secretary of State of Louisiana, from taking any action toward placement of any Republican nominees for Police Jurors of West Feliciana Parish upon the ballots for the general election scheduled for February 1, 1972, upon the basis of their election by Wards in West Feliciana Parish.
“(F) Declaring the propriety and right of Wade O. Martin, Jr. Secretary of State to place upon the general election ballot the names of any nominees of any political party who are certified by such party as nominees for Police Jurors of West Feliciana Parish based upon the West Feliciana Parish Police Jury’s reapportionment plan adopted on September 3, 1971 and not otherwise contrary in any way to the judgment rendered herein.
“(G) Permanently enjoining Douglas Fowler, State Custodian of Voting Machines from taking any action toward placement of the names of any of the Republican nominees for Police Jury of West Feliciana Parish upon the face of any voting machines designated for use at the polling places of West Feliciana Parish, upon the basis of the election of such nominees by wards in West Feli-ciana Parish.
“(H) Declaring the propriety and right of Douglas Fowler, State Custodian of Voting Machines to place upon the face of the voting machines designated for use at the polling places of West Feliciana Parish, the names of any nominees of any political party who are certified by such party as nominees for Police Jurors of West Feliciana Parish based upon the West Feliciana Parish Police Jury’s reapportionment plan adopted on September 3, 1971, and not otherwise contrary in any way to the judgment rendered herein.”
Prior to trial, the three Republican nominees withdrew from the election, and the Republican Executive Committee was not represented at the trial before this court and did not appeal from the judgment herein. Plaintiff has appealed, objecting to the portions of the foregoing judgment *113 designated as “(C)”, “(1)” and “(2).” Defendants Wade O. Martin, Jr., Secretary of State, and Douglas Fowler, State Custodian of Voting Machines, have also appealed, but assign no error to the judgment appealed from.
Procedurally, therefore, the judgment is final in all respects except as to parts “(C)”, “(1)” and “(2)” thereof.
Our review of the primary election law does not reveal any provisions relative to the calling of special primary elections other than R.S. 18:305. This article relates only to elections in the event of a vacancy in an office occasioned by death, resignation or otherwise. This situation does not exist in this case.
Any certification of nominees to replace those who have withdrawn must be done only by or with the authority of the Republican State Central Committee. See R.S. 18:287; Rich v. Martin, 259 So.2d 113 (La.App. 1st Cir. 1971).
In the light of the foregoing, we are of the opinion that the part of the judgment which permits the calling of a special election is improper and must be reversed.
We are further of the opinion that certification of additional nominees can be made only to replace those who have withdrawn, and only by or under the authority of the Republican State Central Committee. The courts cannot bestow that authority to the Parish Executive Committee. See Rich v. Martin, supra.
The judgment appealed from is therefore amended by removing therefrom parts “(C)”, “(1)” and “(2),” and, as amended, in all other respects, it is affirmed, at plaintiff’s cost.
Affirmed in part, reversed in part and rendered.